## N. O. NELSON UNION SANITARY WORKS v. ACKLES.

[No. 14,590.   Filed June 23, 1932.]

*Thomas E. Kane,* for appellant.
*James L. Murray,* for appellee.

BRIDWELL, J.—Appellee, an employee of appellant, filed his application for adjustment of compensation with the Industrial Board of Indiana. The application was heard first by a member of the board and then by the full board upon an application for review. Compensation was awarded appellee and from the award made this appeal is prosecuted, appellant assigning as error that the award is contrary to law.

The board's finding embraced all essential facts necessary to an award and a part of its finding is as follows: "Said Board further finds that the plaintiff, at the time of this hearing is totally disabled and has been totally disabled ever since the accident."

The appellant contends that the evidence is insufficient to sustain the finding of facts upon which the

award is based and calls to our attention the testimony of one of appellee's witnesses, a physician, who, during his examination as a witness, stated in answer to a question asked: "I would say he (appellee) has an impairment of thirty to thirty-five per cent." If this was the only evidence, appellant's contention should be upheld, but, in addition to this testimony concerning appellee's condition, the record discloses evidence given by appellee and his wife as to his inability to work after the accident, appellee testifying that he "couldn't stoop over and pick up anything off the floor," and further that he had not returned to work because he had not been able to do so and that he was not able to lift or do heavy work. The evidence also proves that at the time of the accident the discharge of the duties of appellee's employment required both stooping and lifting.

There is competent evidence in the record to sustain the finding made and the facts found are sufficient to sustain the award.

Award affirmed, and increased five per cent as required by statute.